UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANTE GUY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:08 CV 045 |
| | ) |
| SUPERINTENDENT OF WESTVILLE | ) |
| CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Dante Guy, a *pro se* prisoner, filed a habeas corpus petition under 29 U.S.C. § 2254 challenging the Westville Disciplinary Hearing Board's (DHB) December 4, 2007 finding that he violated Rule A-112, possession of a controlled substance. (DE # 1.) As a result of this determination, Guy was "deprived of time class" and has his phone privileges rescinded. (*Id.* at 1.)

Guy first claims that he was told on November 16, 2007 that he had a conduct report, but that he was not screened until November 29, 2007. (DE # 1 at 2-3.) He argues that "the Adult Disciplinary Procedure" requires a hearing within seven days and that his hearing was not held within that time limit. (*Id.* at 3.) Thus, this claim argues that the Westville Correctional Facility violated this Adult Disciplinary Procedure.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not require that such notice be given within a certain time span.

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in *Wolff*.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Therefore, having more than seven working days notice prior to the hearing is not a basis for habeas relief.

Next, Guy argues that he requested that the marijuana or a picture of it be submitted at the hearing, and that without the marijuana or a picture there was no evidence of his guilt. (DE # 1 at 3.) Apparently Guy was charged with possessing marijuana in two different ways, but found guilty of only one. In his attached appeal to the superintendent, he states, "that the D.H.B. stated their reason for this verdict is that since Sgt. D. Jon stated on the incident report 'I swallowed two marijuana cigarettes.'" (DE # 1-2 at 3; DE # 1-2 at 5.)  In addition Guy was charged with having had marijuana in a package in his sock. (DE # 1-2 at 1.) But the finding of guilt makes no mention of the sock marijuana, only the swallowed marijuana.

The swallowed marijuana was obviously not available for presentation at the hearing. Neither could there have been a picture of it. Though the sock marijuana might have been available and though it might have been photographed, it is not relevant because he was not found guilty based on those facts. To further confuse matters, Guy

2

acknowledges that a photograph was presented at his hearing, but that to him it merely looked like a piece of paper. Perhaps this was a photo of the package in which the sock marijuana was found, perhaps not. Either way, it is not relevant because he was only found guilty of having the swallowed marijuana. *Wolff* requires that an inmate be permitted to submit relevant exculpatory evidence, but neither the sock marijuana nor the photo of the piece of paper is relevant because Guy was only found guilty of possessing the swallowed marijuana.

His argument that there was no evidence to support the finding of guilt is equally meritless. The officer's statement that he swallowed marijuana cigarettes is some evidence that he possessed an unauthorized substance. Standing alone, the officer's statement is sufficient evidence to find him guilty.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

Here, the officer's statement is sufficient to support the finding of guilt. The officer personally witnessed Guy swallow the marijuana cigarettes. This is some evidence of possessing an unauthorized substance. *See Hill*, 472 U.S. at 456-57 (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates). Therefore this ground is not a basis for reversing the finding of guilt.

Guy's final argument is that there were procedural errors that denied him due process, but other than the alleged errors previously presented, Guy does not identify any others. It appears that even though he has identified this argument as Ground Three, it is merely a concluding or summary paragraph. Nevertheless, without regard to what Guy might have intended, as written it does not present a basis for granting habeas relief.

RULE 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS mandates that:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

RULE 4 is applicable in this case because Guy's claims are patently meritless. For the foregoing reasons, this habeas corpus petition is **DENIED**.

**SO ORDERED.**

**ENTER:** February 8, 2008

s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT